Antonette ZUROMSKI et al.

v.

PROVIDENCE SCHOOL COMMITTEE.

Carolyn JACKSON

v.

PROVIDENCE SCHOOL COMMITTEE.

Nos. 84–533–M.P., 85–255–M.P.

Supreme Court of Rhode Island.

Jan. 23, 1987.

Richard A. Skolnik, Lipsey & Skolnik, Providence, for plaintiffs.

Patricia A. Hurst, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on petitions for certiorari filed by Antonette Zuromski, John Hanley, and Carolyn Jackson (teachers) in order to review decisions made by the State Board of Regents (board) affirming an award made by the State Commissioner of Education (commissioner) to compensate the teachers for losses incurred as a result of a layoff found by the commissioner to have been based upon less-than-adequate reason. We affirm the decision of the board. The facts underlying this controversy are as follows.

The teachers were notified by the Providence school committee at various times that their teaching contracts for a subsequent year would not be renewed because either of uncertain funding or of the decline in the student population in their areas of certification. After appealing unsuccessfully to the Providence school committee, all the teachers filed a timely ap-

peal to the commissioner. Pursuant to the appeal a de novo hearing was held before the associate commissioner. In each instance the commissioner ruled that the teachers were entitled to reinstatement and thereafter fashioned a remedy designed to make the teachers whole for any losses that they suffered as a result of being wrongfully laid off.

By virtue of this remedy, the commissioner awarded to the teachers full back pay, reimbursement for medical expenses that would have been covered by benefits, retroactive pension contributions, and full status and seniority levels as though no lapse in employment had taken place. In sum, the commissioner's remedy included all direct and collateral losses. However, the commissioner did deduct in one instance, and required repayment of in other instances, unemployment compensation benefits that the teachers had received either during the layoff period or during the summer preceding a school term in which a layoff was anticipated by the teacher. This deduction and/or repayment of unemployment compensation benefits is the sole issue raised under this petition for certiorari resulting from the board's affirming of the commissioner's remedy.

The teachers argue in support of their position that unemployment compensation benefits should not be deducted and/or restored to the city of Providence since the compensation constitutes a collateral benefit. *See NLRB v. Gullett Gin Co.,* 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337 (1951). The teachers also cite our opinion in *Council 94 AFSCME v. State,* 475 A.2d 200 (R.I.1984), wherein we affirmed an arbitration award under which the arbitrator did not reduce the amount of back pay awarded to a state employee whom he determined to have been improperly discharged by the amount of unemployment compensation benefits received. Neither of the foregoing cases are persuasive authority or controlling on the issue presented in the case at bar.

■ Our determination in *Council 94, supra,* was based almost entirely upon the limited scope of judicial review applicable to arbitration awards. *Rhode Island Council 94 v. State,* 456 A.2d 771 (R.I. 1983); *Jacinto v. Egan,* 120 R.I. 907, 391 A.2d 1173 (1978); *Belanger v. Matteson,* 115 R.I. 332, 346 A.2d 124 (1975), *cert. denied,* 424 U.S. 968, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976). Consequently, the issue in reviewing an arbitrator's award is not whether the arbitrator was correct in his determination and application of legal principles but whether the result was "completely irrational."

■ Our review of decisions of the Board of Regents on common-law certiorari is not so limited but may extend to the determination of errors of law as well as to a determination of whether there is competent evidence to support the findings of fact. *School Committee of Providence v. Board of Regents for Education,* 429 A.2d 1297 (R.I.1981).

An additional fact should be noted in the case at bar that was not present when the Supreme Court of the United States passed upon the deductibility of unemployment compensation benefits from awards made by the National Labor Relations Board in *Gullett Gin Co., supra.* In that case, the Court emphasized that unemployment compensation was a collateral benefit made to the employee, not by the employer, but from state funds derived from taxation.

■ In the case at bar it is undisputed that the city of Providence pays dollar-for-dollar for unemployment compensation paid to teachers who are in layoff status. No contribution is made to such payments from any other source. Consequently, unemployment compensation paid to teachers is directly and totally an expense of the city of Providence.

■ The associate commissioner in his decision decided to deduct such compensation from the award in order to avoid giving to the teachers "a double recovery." We are of the opinion that the associate

commissioner was absolutely correct in arriving at this award and equitable determination. Since his award had made provision for compensation to the teachers of all collateral losses, as well as full back pay, there was no justification for adding to the award what would have amounted to a windfall in unemployment compensation benefits for which the city of Providence was totally responsible. Consequently, the board committed no error of law, and there was competent evidence to support its decision factually in sustaining the terms of the commissioner's award.

For the reasons stated, the teachers' petitions for certiorari are denied and dismissed, the writ heretofore issued is quashed, and the papers in these cases may be remanded to the board with our decision endorsed thereon.